# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **Case No: 16-05025-01-CR-SW-BP** |
| **DELBERT FEEZELL,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on October 1, 2018. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Delbert Feezell, to 292 months' imprisonment, followed by at least a 15-year term of supervised release.

## I. FACTUAL BACKGROUND

On November 20, 2015, a user, identified by the username "clay clay," uploaded a video file depicting a child inserting what appeared to be a plunger handle into her vagina. YouTube duly reported this illegal activity to the National Center for Missing and Exploited Children.

Detective Brian Martin, assigned to the Southwest Missouri Cybercrimes Task Force, subsequently opened an investigation into this matter after it was determined that the IP Address used to upload the illicit video file was assigned to Cable One, an Internet

service provider located in Missouri. Detective Martin was thereafter able to identify the defendant, a registered sex offender, as the primary suspect.

On April 7, 2016, Detective Martin received additional Cybertipline Reports regarding images that were posted on "tagged.com." Many of the images that were provided in the reports depicted the defendant in various states of undress, including pictures that he purports to be his penis. Other images depicted minors engaged in sexually explicit conduct. The tagged.com account identified the user as "Dave Clay" from Joplin.

On June 7, 2016, FBI Task Force Officer Chip Root sought and obtained a search warrant for the defendant's residence. On Tuesday, June 14, 2016, the defendant was stopped by a Joplin Police Officer after leaving his residence. Detective Martin arrived on scene and advised the defendant of his *Miranda* rights and questioned him with regard to the investigation. The defendant denied accessing, viewing, or transmitting child pornography.

Investigators seized a Dell laptop computer and a cellular telephone from the defendant's residence. The items were transported to the Cyber Lab at Joplin Police Department. TFO James Smith performed a preliminary forensic preview of the computer. TFO Smith located evidence that the ARES file-sharing software was installed on the computer, and that the defendant had at least partially downloaded several files with titles indicative of child pornography. Ultimately, TFO Smith was able to recover five images and 785 video files depicting child pornography. The depictions include children as young as toddlers being sexually assaulted by adult males.

## II. ARGUMENT

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). The defendant, in his sentencing memorandum, argues that this Court impose a sentence below the applicable sentencing guidelines, despite the defendant's egregious conduct and prior conviction for sexually assaulting an eight-year-old child.

The defendant's arguments are meritless. The defendant uploaded extraordinarily graphic depictions of child pornography to publicly accessible websites, and amassed a considerable collection of children being sexually victimized. More disturbingly, the defendant had been previously convicted of sexually abusing a child. The history and characteristics of the defendant, compounded by the nature and circumstances of the offense demand a lengthy sentence. Consequently, the Government respectfully suggests that a sentence of 292 months' imprisonment, followed by a lengthy term of supervised release is necessary to satisfy the interests of justice.

### A. Statutory and Guidelines Calculations

The United States Sentencing Guidelines are now advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id.* at 49-50.

The final presentence investigation report, filed on September 7, 2018, reports that the defendant's advisory guideline range of imprisonment is 292 to 365 months'

3

imprisonment, based on a total offense level of 39, and a criminal history category II. Further, the defendant is subject to a period of supervised release of not less than five years.

The defendant lodged two objections to the presentence investigation report. The defendant first argues that there is insufficient evidence to assess a five-level increase to his base offense level pursuant to U.S.S.G. § 4B1.5(B) predicated upon his sexual assaults of two juveniles. The Government is in the process of collecting evidence and attempting to locate the victim of the defendant's predations to support the imposition of this provision of the Guidelines[1]. The Court will ultimately be tasked with deciding whether the Government has met the burden of proof in this regard.

The defendant also objects to the conclusion that his conviction for sexual abuse in the third degree constitutes "a prior conviction… under the laws of any State relating to … sexual abuse… ." (Feezell Memo. 1-9). The defendant argues that his conviction for sexual assaulting an 8-year-old child does not meet the rather broad reach of 18 U.S.C. § 2252(b)(1) because, he avers, the Missouri statute is "more broad than the generic federal offense." (Feezell Memo. 8). Feezell's contentions in this regard are without merit.

18 U.S.C. § 2252(b)(1) mandates a sentence of imprisonment of not less than 15 years nor more than 40 years if a defendant has a prior conviction "under the laws of any State relating to aggravated sexual assault, sexual abuse, or abusive sexual conduct involving a minor or ward… ." § 2252(b)(1) applies to "prior state convictions for 'sexual abuse' and 'aggravated sexual abuse,' whether or not the convictions involved a minor or

---

[1] It is the Government's position that if the defendant persists in this objection, the Court should deprive the defendant of any credit for acceptance of responsibility under U.S.S.G. § 3E1.1.

4

ward*.*" *Lockhart v. United States*, 136 S.Ct. 958, 968 (2016). A prior state conviction relates to sexual abuse if such crime involves "the physical or nonphysical misuse or maltreatment of a [person] for a purpose associated with sexual gratification." *United States v. Linngren*, 652 F.3d 868, 870 (8th Cir. 2011). To determine whether a prior state conviction served to enhance a sentence under § 2252(b)(1), a federal court initially applies a categorical approach. *United States v. Sonnenberg*, 556 F.3d 667, 667 (8th Cir. 2009). If the full range of conduct is encompassed by the state criminal statute related to sexual abuse, then the fact of conviction and the statutory definition establish by themselves that the enhancement applies. *Id*. If, however, the state criminal statute criminalizes both conduct that qualifies as a predicate offense and conduct that does not, the court "may refer to the charging document, the terms of a plea agreement, the transcript of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

The defendant was convicted of sexual abuse in the third degree in violation of § 566.120, RSMo 1978. "A person commits the crime of sexual abuse in the third degree if he subjects another person to whom he is not married to sexual contact without that person's consent." *State v. Fields*, 739 S.W.2d 700, FN 6 (Mo. Banc 1987). The term "'sexual contact' means any touching of the genital or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying the sexual desire of any person." 566.010.1(3), RSMo 1978.

5

The defendant maintains, without any legal basis, that "the statute is overinclusive because it includes acts committed with aggressive intent[2] and against non-minors." (Feezell Memo. 9). As noted above, the United States Supreme Court, in *Lockhart*, expressly overruled a line of Eighth Circuit cases holding that "the phrase 'involving a minor or ward' modified all items in the list of predicate crimes" contained in § 2252(b)(1). *Lockhart* at 961. Consequently, even ignoring the fact that the victim of the defendant's prior state conviction was a child, "a conviction for sexual abuse of an adult is encompassed by § 2252(b)(2). Id at 968-69. Moreover, there is no requirement that the defendant's prior conviction have "aggressive intent" as the defendant avers. In fact, simple "misuse" or "maltreatment" associated with sexual gratification is adequate to trigger the provisions of § 2252(b)(1). *Linngren*, at 870.

Despite the defendant's claims to the contrary, the Eighth Circuit in *Linngren* did not find, as he asserts, that criminal sexual conduct in the fifth degree "could not be used as a basis for enhancement [under § 2252(b)(1)]." (Feezell Memo. 8). In fact, the Eight Circuit affirmed the ruling of the district court finding that "Linngren's prior conviction related to sexual abuse of a minor and thus served to enhance his sentence under § 2252(b)(1)." *Linngren* at 871.

More recently, the Eighth Circuit Court of Appeals upheld this Court's determination that a conviction for sexual assault in the third degree under Nebraska Revised Statutes § 28-320 constituted a predicate offense under § 2252(b)(1). *United*

---

[2] Presumably, the defendant means nonaggressive rather the aggressive intent.

6

*States v. Knowles*, 817 F.3d 1095, 1098-99 (8th Cir. 2016). Specifically, the court concluded that "a conviction for subjecting another person 'to sexual contact' without that person's consent, categorically 'relat[es] to… sexual abuse' under § 2252(b)(1)." *Knowles* at 1098. This is precisely the conduct that constituted the defendant's conduct in his prior state conviction for sexual abuse in the third degree. Consequently, the defendant's argument that his conviction for sexual abuse cannot serve as a predicate offense under § 2252(b)(1) is without merit.

For the reasons set forth below, it is the Government's position that the United States Sentencing Guidelines adequately address the nature and circumstances of the offense or the history and characteristics of the offense, and therefore, respectfully suggests that this Court sentence the defendant to a sentence at the low-end of the applicable Guideline range.

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

The defendant's illicit activities were uncovered after he posted a video of a child inserting a wooden object into her vagina on one of the world's most popular websites. The video in question was viewable by anyone with an internet connection. The defendant posted additional illicit video files on a second website, "Tagged," which was originally a site for users under the age of 18.

As result of these activities, investigators executed a search warrant upon the defendant's home resulting in the seizure of a computer, which contained extensive evidence of the defendant's profoundly disturbing sexual proclivities. In total, nearly 1000 images and video files depicting children in a sexual manner were located on the

7

Case 3:16-cr-05025-BP   Document 66   Filed 09/27/18   Page 7 of 10

defendant's computer. The defendant engaged in his illegal activities using his unwitting neighbor's internet service. The defendant, despite being confronted by overwhelming evidence of his guilt, maintained to the investigators that he was innocent.

### 2. History and Characteristics of the Defendant

The defendant has a history of committing sex crimes. As noted in detail above, the defendant was previously convicted of sexually assaulting an eight-year-old child resulting in a conviction for sexual abuse in the third degree. The defendant also has a conviction for indecent exposure. In 2014, the defendant was accused of sodomizing a juvenile.

Additionally, the defendant has been convicted of driving while intoxicated, possession of marijuana, and domestic assault. The defendant has a far more extensive criminal history than similarly situated offenders demonstrating a profound lack of respect for the law.

### 3. Need to Promote Respect for the Law

The defendant's prior convictions and repeated arrests indicate a lifelong aversion to obeying the rules of society. In particular, the defendant's compulsion to victimize children is of particular concern. While the defendant has accepted responsibility for his actions by pleading guilty, the defendant at the time of the offense actively denied his illegal acts. A lengthy sentence is therefore necessary to provide the defendant with a healthy respect for the law along with the tools to avoid re-offense. The defendant's repeated victimization of children, compounded by his reprehensible appetite for child pornography, demand a lengthy term of imprisonment to provide the defendant with a healthy respect for the law along with the tools to avoid re-offense.

### 4. **Need to Afford Adequate Deterrence to Criminal Conduct**

It would appear that the only mechanism to ensure the defendant is deterred from engaging in criminal conduct is incarceration. A sentence of 292-months' imprisonment will unquestionably prevent the defendant from committing additional crimes for the length of his incarceration. Presumably, the recognition that there is a serious consequence for failing to abide by the law will deter the defendant from committing future illegal acts.

### 5. **Need to Protect the Public from Further Crimes of the Defendant**

The defendant has been convicted of an exceptionally serious offense. The defendant's motivation for committing this crime is his sexual attraction to children. In combination with the defendant's criminal history, the defendant presents a significant danger to society. The defendant's acts fall into the most troubling category of receipt and distribution cases. Consequently, a lengthy sentence is warranted to protect the public from the defendant.

### 6. **Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment**

The defendant has a long history of sexually victimizing children. Further, the defendant has been convicted of multiple other offenses. Clearly, treatment is profoundly important for the defendant to become a productive member of society and mitigate his dangerousness to the most vulnerable members of the community.

## III. CONCLUSION

The sentence imposed on the defendant must necessarily protect the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the

seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense.

WHEREFORE, for all the foregoing reasons, the United States respectfully suggests that the Court impose a 292-month term of imprisonment, followed by a lengthy term of supervised release.

>Respectfully submitted,
>
>Timothy Garrison
>United States Attorney
>
>*/s/ James J. Kelleher*_____
>JAMES J. KELLEHER
>Assistant United States Attorney
>Western District of Missouri
>901 St. Louis Street, Suite 500
>Springfield, Missouri 65806
>(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

>*/s/ James J. Kelleher*_____
>JAMES J. KELLEHER