```
                    UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF MISSOURI (Joplin)


UNITED STATES OF AMERICA,         )
                                  )
          Plaintiff,              )
                                  ) Case No.
     vs.                          ) 16-CR-5025-BP-1
                                  )
                                  )
DELBERT CLAY FEEZELL,             )
                                  )
          Defendant.              )
```

## SENTENCING
### BEFORE THE HONORABLE BETH PHILLIPS
### MONDAY, OCTOBER 1, 2018; 1:02 P.M.
### SPRINGFIELD, MISSOURI

APPEARANCES:

| | |
|---|---|
| FOR THE PLAINTIFF: | MR. JAMES J. KELLEHER<br>UNITED STATES ATTORNEY'S OFFICE<br>901 St. Louis, Ste. 500<br>Springfield, MO 65806 |
| FOR THE DEFENDANT: | MS. ANN M. KOSZUTH<br>FEDERAL PUBLIC DEFENDER'S OFFICE<br>901 St. Louis, Ste. 801<br>Springfield, MO 65806 |
| COURT REPORTER: | MS. JEANNINE RANKIN, RPR, CSR<br>UNITED STATES DISTRICT COURT<br>222 N. Hammons Parkway<br>Springfield, MO 65806 |

Proceedings recorded by mechanical stenography; transcript produced by computer.

```
 1                    USA v DELBERT CLAY FEEZELL
 2                    CASE NO. 16-CR-5025-BP-1
 3                            SENTENCING
 4                          October 1, 2018
 5                       *   *   *   *   *   *
 6            THE COURT:  This is the case of United States of
 7   America versus Delbert Clay Feezell, Case No. 16-5025.
 8            Could counsel please enter their appearance?
 9            MS. KOSZUTH:  Ann Koszuth on behalf of Mr. Feezell.
10            THE COURT:  Thank you.
11            MR. KELLEHER:  Jim Kelleher appearing on behalf of
12   the United States, Your Honor.
13            THE COURT:  Thank you.
14            MS. KOSZUTH:  Your Honor, my client has difficulty
15   breathing.  Would it be possible for him to remain seated
16   through the hearing?
17            THE COURT:  Yes.
18            MS. KOSZUTH:  Thank you.
19            THE COURT:  Mr. Feezell, it's my understanding that
20   you have some difficulty hearing.  Are you having any problems
21   hearing me right now?
22            THE DEFENDANT:  No, ma'am.
23            THE COURT:  If at any point during this hearing you
24   do have problems understanding me or hearing what I'm saying,
25   will you let me know?
```

|   |   |
|---|---|
| 1 | THE DEFENDANT: Yes, ma'am. |
| 2 | THE COURT: Before we begin the sentencing, |
| 3 | Mr. Feezell, I first want to have a conversation with you |
| 4 | regarding the steps we're going to use during today's |
| 5 | sentencing. |
| 6 | The first step will be to talk with the attorneys |
| 7 | regarding how to calculate the sentencing guidelines as they |
| 8 | apply to your case. After I calculate the sentencing |
| 9 | guidelines, I will then hear evidence and/or argument from the |
| 10 | attorneys regarding what they believe the appropriate sentence |
| 11 | is. After I hear argument, at that point I'll give you an |
| 12 | opportunity to make a statement, if you wish, before I |
| 13 | actually decide the sentence. |
| 14 | Before I begin those steps, however, I have a few |
| 15 | questions for you. Have you reviewed the presentence report? |
| 16 | THE DEFENDANT: Yeah. Yes, ma'am. |
| 17 | THE COURT: Have you discussed it with your |
| 18 | attorney? |
| 19 | THE DEFENDANT: Yes, ma'am. |
| 20 | THE COURT: Now, your attorney has lodged an |
| 21 | objection to the calculation of the guidelines, specifically |
| 22 | to a five-point enhancement under 4B1.5(b). Other than that |
| 23 | objection, is there anything else in the report that you think |
| 24 | is wrong? |
| 25 | THE DEFENDANT: No, ma'am. |

|  |  |
|---|---|
| 1 | THE COURT: Anything that needs to be changed? |
| 2 | THE DEFENDANT: No. |
| 3 | THE COURT: Then let's take up that objection. |
| 4 | Mr. Kelleher, what is the government's position with |
| 5 | respect to that objection? |
| 6 | MR. KELLEHER: Your Honor, the government has |
| 7 | attempted to obtain corroborating evidence with regard to that |
| 8 | objection and unfortunately was not able to find any evidence |
| 9 | that I believe would be adequate to sustain that objection. |
| 10 | THE COURT: You mean to overrule? |
| 11 | MR. KELLEHER: To overrule the objection. |
| 12 | THE COURT: Right. So in light of that fact I will |
| 13 | sustain the objection to the five-level enhancement contained |
| 14 | in Paragraph 22. |
| 15 | Ms. Koszuth, based upon your filing earlier today |
| 16 | with the Court, it's my understanding you're withdrawing your |
| 17 | objection to the statutory mandatory minimum; is that correct? |
| 18 | MS. KOSZUTH: Yes, Your Honor. |
| 19 | THE COURT: Do you have any other objection? |
| 20 | MS. KOSZUTH: No, Your Honor. |
| 21 | THE COURT: Does the government have any objection |
| 22 | to the presentence report? |
| 23 | MR. KELLEHER: No, Your Honor. |
| 24 | THE COURT: Then consistent with my ruling I will |
| 25 | adopt the presentence report. I find a total offense level of |

1   34, a criminal history category of two, and a guideline range
 2   when the statutory mandatory minimum is taken into account of
 3   180 months to 210 months.
 4            With that, Mr. Kelleher, do you have evidence or
 5   argument regarding the appropriate sentence?
 6            MR. KELLEHER:  Very briefly, Your Honor.
 7            As the Court is aware, both parties have filed
 8   sentencing memoranda in this case.  I believe the sentencing
 9   memoranda set forth a fairly substantial amount of information
10   for the Court to consider and I won't belabor the matter.
11            Both myself and the defense have agreed that a
12   sentence of 210 months' imprisonment is appropriate to be
13   followed by a term of supervised release to be determined by
14   the Court.  I would respectfully suggest that term of
15   supervised release be lengthy given the defendant's criminal
16   history and prior conviction for a sex offense.  The parties
17   have also agreed that the defendant will pay $1,000 in
18   restitution to the victim known as RapJerseys.
19            Thank you, Your Honor.
20            THE COURT:  Ms. Koszuth, do you have any evidence or
21   argument?
22            MS. KOSZUTH:  Just briefly, Your Honor.
23            We do acknowledge, Your Honor, that my client does
24   have a criminal history that is worse than the typical
25   defendant we see in this court but I ask the Court to consider

1  in sentencing him the fact that he was sexually abused as a
2  child and that is something I think that comes into play in
3  these cases quite frequently.
4      I would also ask that the Court consider his
5  physical health as well as his mental health. He does suffer
6  from severe depression and that's something the Bureau of
7  Prisons recommended he get treatment for. And I ask for a
8  recommendation from the Court that he get mental health
9  treatment while in the Bureau of Prisons and that the Court
10 also recommend whatever substance abuse treatment program they
11 believe is appropriate for him. I'm not asking for a specific
12 program because as relates to the 500-hour RDAP program, he
13 wouldn't be eligible for any time off.
14     We did agree, as the government stated, that 210
15 months would be a reasonable sentence in this case and, again,
16 I would just defer to the Court for any period of supervised
17 release relating to that.
18     I would also ask that the Court take into
19 consideration his age. He is 57 years old. He'd be in his
20 seventies by the time he was released from a 210-month
21 sentence.
22     THE COURT: Mr. Feezell, before I decide what
23 sentence to impose, is there anything that you wish to say?
24     THE DEFENDANT: I'm sorry.
25     THE COURT: Before I decide what sentence to impose,

6

1    is there anything that you wish to say?
2            MS. KOSZUTH:  Your Honor, I believe he's saying that
3    he wants to say he's sorry.
4            THE COURT:  I'm sorry.  I misunderstood you.
5            Sir, when I decide the appropriate sentence, in all
6    cases I begin with the sentencing guidelines.  I do believe
7    that they're important to promote consistency in sentencing.
8    I consider a number of other factors such as your history and
9    characteristics, the nature and circumstances of this offense,
10   the need to promote respect for the law, all with the goal of
11   imposing a sentence that is sufficient but not greater than
12   necessary to meet the goals of the federal sentencing statute.
13           It's -- obviously there are a number of very
14   concerning factors in this case, your history and
15   characteristics being one of them.  I also then can't
16   understate -- or overstate the nature and circumstances of
17   this offense.
18           When I look at that, those two factors coupled with
19   the need to protect the community, I think that the government
20   is being very reasonable when recommending a sentence of 210
21   months.  In light of that recommendation, I will impose a
22   sentence of 210 months.  That will be followed by 15 years of
23   supervised release.
24           When you're on supervised release, there are a
25   number of conditions of supervised release I'm going to

1  impose. The special conditions of supervised release I'm
2  going to impose were contained on page 13, Paragraph 72 of the
3  presentence report. Did you have the opportunity to review
4  those conditions?
5              THE DEFENDANT: Yes, ma'am.
6              THE COURT: And do you understand each of those
7  conditions?
8              THE DEFENDANT: Yes, ma'am.
9              THE COURT: Just so the record is clear, there are a
10 number of conditions related to Mr. Feezell's status as a sex
11 offender. I believe that these conditions are reasonable and
12 necessary to provide the probation office the tools required
13 to properly supervise Mr. Feezell when he is on supervised
14 release, ensure that he is following the conditions of his
15 supervised release, and generally to protect the community.
16             I will also impose a order of restitution in the
17 amount of $1,000 to the series known as RapJerseys. The
18 information regarding payment I believe is contained in the
19 presentence report.
20             I believe you don't have the means to pay a fine so
21 I'm going to waive a fine. I am required by law to impose a
22 special assessment in the amount of $100.
23             I will also waive any payment under the Justice for
24 Victims of Trafficking Act. I will also recommend to the
25 Bureau of Prisons that you be provided mental health treatment

8

1 and drug treatment as they deem it appropriate.
2      Is there anything else that the judgment should
3 contain from the government's perspective?
4      MR. KELLEHER: I just want to make sure there's no
5 counts to be dismissed.
6      There's not, so I don't believe there's anything
7 else.
8      THE COURT: Anything from the defendant's
9 perspective?
10      MS. KOSZUTH: Your Honor, the restitution contained
11 in the presentence report is different from the one that
12 was -- that the government and I agreed to and I believe the
13 one in the presentence report may have withdrawn, so I don't
14 know if we need to make a further record relating to the
15 restitution order.
16      THE COURT: Oh, it is.
17      MR. KELLEHER: It is.
18      THE COURT: Yes. Sorry. The restitution will be
19 made to RapJerseys -- to the series known as RapJerseys.
20 Payment to Deborah A. Bianco in trust for Maureen. And we
21 will include the information provided by the government in the
22 judgment.
23      Sir, in the plea agreement you entered into with the
24 government you gave up your right to appeal.
25      Was there a plea agreement?

9

|   |   |
|---|---|
| 1 | MS. KOSZUTH: There was no plea agreement, Your |
| 2 | Honor. |
| 3 | THE COURT: Sir, you have a right to appeal the |
| 4 | sentence that I've just imposed, but in order to do so you |
| 5 | have to file a notice of appeal within 14 days of the date of |
| 6 | the judgment in this case. If you do not file a notice of |
| 7 | appeal within 14 days, then you will forever lose your right |
| 8 | to appeal the sentence. Do you understand that? |
| 9 | THE DEFENDANT: Yes, ma'am. |
| 10 | THE COURT: If you choose to appeal, either |
| 11 | Ms. Koszuth can file the notice of appeal or the Clerk of the |
| 12 | Court can file the notice of appeal. |
| 13 | Is there anything further on the part of the |
| 14 | government? |
| 15 | MR. KELLEHER: Yes, Your Honor. I'm sorry. It's |
| 16 | not Maureen. It's actually -- |
| 17 | THE COURT: I tell you what -- |
| 18 | MR. KELLEHER: Yeah -- |
| 19 | THE COURT: -- why don't you -- |
| 20 | MR. KELLEHER: -- I'll send the clerk an email. |
| 21 | THE COURT: -- yeah, update the information that was |
| 22 | provided prior to the hearing so that the proper name can be |
| 23 | included in the -- |
| 24 | MR. KELLEHER: I don't think RapJerseys is Maureen. |
| 25 | I think I may have mistranscribed that when I was putting it |

1 together.
2 THE COURT: Okay.
3 Other than that, anything further on the part of the
4 government?
5 MR. KELLEHER: No, Your Honor.
6 THE COURT: Anything on behalf of Mr. Feezell?
7 MS. KOSZUTH: No, Your Honor. Thank you.
8 THE COURT: That will conclude this proceeding.
9 (Court stands in recess at 1:12 p.m.)

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2        I, Jeannine M. Rankin, Federal Official Court Reporter,
 3   in and for the United States District Court for the Western
 4   District of Missouri, Southern Division, do hereby certify
 5   that the foregoing is a true and correct transcript of the
 6   stenographically reported proceedings.
 7
 8
 9
10
11                            /s/ Jeannine M. Rankin
12   Date:     10/10/18     Jeannine M. Rankin, CCR, CSR, RPR
```